ALBANY,
Feb. 1827.

Jackson
v.
Wood.

JACKSON, *ex dem.* Wood and others, *against* WOOD and HOPKINS.

After the consent rule in ejectment, the plaintiff must, before he can enter a default, serve a new or altered declaration.

EJECTMENT. The declaration and notice from the casual ejector were served on the *12th* of *October* 1826 ; and consent rules exchanged between the attornies of the parties on the *14th* of the same month. On the *3d* of *January*, 1827, the plaintiff's attorney, without serving a new declaration, entered the defendants' default for want of a plea. On the *1st* of *January*, 1827, the defendants' attorney had sent to the plaintiff's attorney a stipulation to accept the declaration originally served in lieu of a new one, the names of the defendants to be inserted. On this stipulation a plea of not guilty was endorsed ; but, this not arriving till after the *3d* of *January*, the plaintiff's attorney refused to receive it, on the ground of having previously entered the defendants' default for not pleading. On the *6th* of *February*, the defendants' attorney gave notice to the plaintiff's attorney, that common bail had been filed.

A motion was now made, in behalf of the defendants, to set aside the default, and all subsequent proceedings, for irregularity ; and 1 *Dunl. Pr.* 381 ; 2 *John. Cas.* 110 ; *Col. Cas.* 120 ; and 3 *John. Rep.* 141, were cited.

*S. M. Perkins* and *H. Stephens*, for the motion.

*D. Wood*, contra.

*Curia.* No new or altered declaration has in this case been served. This is, in strictness, necessary. It has never been waived. The stipulation was not accepted. The default was, therefore, irregular ; and the motion must be granted.

Motion granted.